UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OAK-HEE KIM,

    Plaintiff,

    V.                                             Case No.

NEWTON HOUSING AUTHORITY, et al.

    Defendants.

## COMPLAINT

### Parties

1. The plaintiff Oak-hee Kim is a resident of Newtonville, Eastern county and a citizen of the United States.

2. The defendant Newton Housing Authority is a public housing entity of NewtonHighlands and a citizen of the United States.

3. The defendant Alex Weiffenbach employed at Newton Housing Authority of NewtonHighlands and a citizen of the United States.

4. The defendant Chiper Sun employed at Newton Housing Authority of NewtonHighlands and a citizen of the United States.

5. The defendant Stuart Alford lawyer of Newton Housing Authority of NewtonHighlands and a

citizen of the United States.

## Jurisdiction

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### Facts

7. Plaintiff (I, me, my) has an environmental illness, a handicap under the Act 42 U.S.C. § 3-602(h); 24 C.F.R. § 100·20 (1999); multiple chemical sensitivity (MCS); electromagnetic field sensitivity (EMF); and so forth. This requires avoidance, yet, I live with unavoidable toxic environment exposure ensues me neurasthenia; partial complex seizures (PCS); toxic induced loss of tolerance (TILT); loss of tolerance (LT), and so on. Such situation defendants made fun of my inabilities to catch up people's schem.

8. On May 17, 2021, lettered by defendant Alex Weiffenbach (D. Weiffenbach), that my below, 23A complained about my making noises, and also police officer visited me. I explained about my furrniture disassembling during the day. May 18, 2021; May 25, 2021, notice to me that I make too much noises; accessive stomping, and loud music; and I responded I listen classic music on Saturday and Sunday as my worship, only available therapy; I have no TV, computer, etc. Thus, I requested as my medical necessity life style, and explained my cleaning practice; wash my windows in between pour or spray to clean up dust, dead insects by water once a week; at kitchen sink sprinkler, I open spray to out side during the summer for dust control, and moisturize the ground for cooling; I need to open windows and balcony door with warm or hot weather and I wash balcony surface by water often to control the dust, bird dripping, and cooling purpose from my dehydration, because I am unable to use air conditioner. Such needs I practice requested accommodations been ignored.

9. On July 17, 2021, D. Weiffenbach offered me transfer to other unit, because new tenant 23A below my unit moved in with dog, and I am very afraid and allergic to animals. Thereby my doctor Susan Korrick's letter, December 18, 2014 stated my special need, including animals and birds, and should not "feed them can precipitate Ms. Kim's allergies and exacerbate her sensitivities." Yet, D. Weiffenbach ignored and replaced tenant with dog, smoking, etc., who acts up very violently, and I live with fright and cannot sleep well; the 23A's real life starts mostly 11PM – 12AM on; thus, at day time to evening, she sleeps. Also, often smokes in her unit for my bizarre illness, it

reminds me of prior 23A's daughter, who tortured me by her smoking odor; illegal drug cooking odor, etc., 2012-2018. Thus, new tenat 23A's orchestral commotion day and night, I started to write day and times including smoking at her unit since May 29, 2021, weekly to October 23, 2021.

10. Because I objected D. Weiffenbach's preference for new tenant 23A, against my fourteen year 23C residency, made a chemical free unit, and my MCS, difficult to find better tolerable public housing than where I reside now. Thus, I stated at my letter to D. Weiffenbach what reason, I do not need contact by defendant Chiper Sun (D. Sun), and uable for me to participate even zoom or phone by my MCS, EMF situation. Yet, D. Sun sent me letters, July 1, 2021 and July 27, 2021, so on, I did not agree, and frequently sent me letters zoom if unable then phone. It really frustrates me that zoom or phone is electronic equipment, does not much differentiate, yet, defendants and other people inconsiderately demands me to follow.

11. The notice to quit dated September 13, 2021, hand delivered to me for Malicious Injury against my requested accommodations for no meetings in any manner, rather produced Falsa Demonstratio to penalize my lease, and demanded for conference. Thus, I clearly refuted in five page written facts, and requested accommodations (Exhibit A).

12. Then another hand delivery to me for False Representation dated October 18, 2021 for Malicious Prosecution pursuant to G. L. c. 139§19 (Exhibit B) for eviction. That led me in grisly occupant with LT, I called D. Alford, "Oh, glad you called!" The defendants purposely setted up to exploit my handicapped's vulnerabilities, and had to agree with phone meeting with D. Weiffenbach, D. Alford, and myself, October 29, 2021, 2PM, thence, caused me for neuropsychosis alike disorder anxiously before hand.

13. As there had been the Newton Housing Authority (NHA) staffs' indignity officiously against me, "Do what I say!" Hung up the phone while I could not state facts, and no exception to D. Weiffenbach's command, I had to be a five (5)-year-old girl, and listen D. Weiffenbach, "Do what I say!": "The NHA can help you dumping water to toilet than to the balcony mumbled awkwardly" pretending

---

[1] (Exhibit A, my written five (5) page letter unattached.)

(3)

as a prosecutor. For such mock, I pompusly; why do I need to dump water to balcony, than to my toilet and sink! Also, my concerns about 23A's smoking as I reported in writing, D. Weiffenbach, "Oh, she smokes outside!" Protected 23A as well as prior 23A, and discriminated me. Then D. Weiffenbach grandiosely, "You make lots of noises" repeatedly to irritate me, ensued my nerve-cells be thorny alike, and forced me to agree as a dummy person. Thence, my tenacious exculpation with tenability, led me to shout, No!; I do not agree with what I did not do! The D. Weiffenbach hustled haughtily forced me, "you did make lots of noises, and you don't agree!" Then threatened me for, "eviction!" Thereby, my animus roused intolerably, DO!; that will make legal problem be better when you throw me out to street; the D. Weiffenbach's voice was unpresent; but music on; then D. Alford, "You are yelling!" My response; I told you not to confuse me; and I speak with strong emotion when intentional furtiveness, tempting to injure my rights, especially talking on the phone irritates me more. Thereafter, I became as a beaten up condition; migrain headache; very relentless; sleepless; viewed to be a homeless again with very ill health, etc. The D. Alford, also told me call the lawyer's name written on the paper (139 § 19, October 18, 2021). This, set out to tendentious pretense for evictio.

14. The above action, as it established since 2008 in discouragement of my residency with retaliation based on my being handicapped, and now moved to cover up defendants' ulterior motive intent to estop my trying action in law contray defendant NHA staffs' unlawful act against disabled tenant's housing rights. There, no other NHA directors ever exerted such force against my written requests and explanations, Yet, D. Alex Weiffenbach exercises force or force of threat pretentiously to defeat my handicapped's rights, rather pretends against my dysfunction to be cause for eviction.

15. Thereby, plaintiff requests for Judicial Proceedings for the handicapped's rights to receive accommodations, and the Court enjoin defendants, NHA's tempting eviction privilege against plaintiff's requested accommodations with reasons arised by the 23A's tempetuous, etc., act up to frightens plaintiff. Thence, plaintiff lettered to NHA (D. Weiffenbach): (5/18/'21) (5/25/'21) (5/29/'21) (5/30/'21) (5/31/'21) (6/1/'21) (6/2/'21) (6/3/'21) (6/4/'21) (6/5/'21) (6/9/'21) (6/19/'21) (6/20/'21) (6/22/'21)

(6/23/'21) (7/3/'21) (7/6/'21) (7/2/'21) (7/7/'21) (7/8/'21) (7/31/'21) (8/26/'21) (9/24/'21) (9/28/'21) (9/29/'21) (9/30/'21) (10/3/'21) (10/7/'21) (10/8/'21) (10/14/'21) (10/19/'21) (10/23/'21). Yet, the D. Alex Weiffenbach's prejudice, preferred to terminate plaintiff's residency.

16. As reasons stated above, plaintiff is injured, and prays that this Court relief be granted based on each defendants' factum be liable for penalty including but not limited to [compensatory damages; sever emotional and physical distress; consequential damages; punitive damages; accrual], and other relief may be available through Judicial Review. Furthermore, plaintiff requests for this file protection be permissive.

17. WHEREFORE, plaintiff demands judgment against each defendants for damages and such other relief as this Court deems just.

18. The plaintiff demands a trial by jury.

_____
Oak-hee Kim, "PRO SE"
23 Walker Street, Apt. C
Newtonville, MA 02460
(617) 964-1587