UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                 )
OAK-HEE KIM,                     )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        Civil Action No. 21-cv-12078-LTS
                                 )
NEWTON HOUSING AUTHORITY,        )
                                 )
            Defendant.           )
                                 )
_____  )
```

ORDER

November 3, 2022

SOROKIN, D.J.

*Pro se* plaintiff Oak-Hee Kim brings action concerning her tenancy in public housing with the Newton Housing Authority ("NHA"). Kim alleges that NHA has failed to accommodate her disabilities and is threatening to wrongfully evict her. NHA has filed a motion to dismiss, arguing that this Court should abstain from exercising jurisdiction due to its pending summary process proceeding against Kim in Newton District Court. For the reasons set forth below, the Court will GRANT the motion to dismiss with regard to all claims for injunctive relief, deny the motion with regard to claims for damages, and stay the case pending resolution of the state court action.

I.      **Background**

In her complaint (Doc. No. 1), Kim alleges that she suffers from various disabilities (*e.g.*, "multiple chemical sensitivity," "electromagnetic field sensitivity") which require certain accommodations for her housing. She claims that the NHA has violated federal law by

threatening to evict her on false premises rather than accommodate her disabilities.  Kim asks

"for Judicial Proceedings for the handicapped's rights to receive accommodations, and the Court

enjoin defendants, NHA's tempting eviction privilege against plaintiff's requested

accommodations."  Compl. ¶ 15 [sic].  She also asks for damages.  Id.  ¶ 16.

After Kim commenced this action (but before NHA had been served with the summons

and complaint in this action), NHA commenced a summary process against her in Newton

District Court.  See Newton Housing Auth. v. Kim, 2212SU000001 (Newton Dist. Ct., Mass.).[1]

The court awarded judgment in favor of NHA after Kim failed to answer or appear for the trial.

Kim's appeal of the case is now before the Appellate Division of the District Court Department.

NHA has withdrawn its post-judgment motion to dismiss the appeal and have a new execution

issued.

The NHA has moved to dismiss this action in its entirety under the doctrine of Younger

abstention.  (Doc. No. 23).

II.    **Discussion**

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction

given them.  Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 817 (1976).  "The

doctrine of abstention, under which a District Court may decline to exercise or postpone the

exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District

Court to adjudicate a controversy properly before it."  Id. at 813 (quoting County of Allegheny v.

Frank Mashuda Co., 360 U.S. 185, 188-189 (1959)).

---

[1] The electronic docket of this action is publicly available through the web site
www.masscourts.org (last visited Nov. 3, 2011).

Under the doctrine <u>Younger</u> abstention, <u>see</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971), "interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." <u>Hawaii Hous. Auth. v. Midkiff</u>, 467 U.S. 229, 237–38 (1984). Thus, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." <u>Coggeshall v. Massachusetts Bd. of Registration of Psychologists</u>, 604 F.3d 658, 664 (1st Cir. 2010) (quoting <u>Brooks v. N.H. Supreme Ct.</u>, 80 F.3d 633, 637 (1st Cir. 1996)). <u>Younger</u> abstention is even appropriate where litigants "claim violations of important federal rights," <u>In re Justices of Superior Ct. Dept. of Mass. Trial Ct.</u>, 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved <u>somewhere</u> in the state process," <u>Maymó-Meléndez v. Álvarez-Ramírez</u>, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, all factors for exercising <u>Younger</u> abstention are present.  It is clear that this Court would "needlessly inject" itself in NHA's summary process proceeding against Kim if the Court were to adjudicate any claim by Kim that NHA is wrongfully evicting her.  The summary process proceeding is ongoing.  The state court provides Kim an adequate forum to hear the claims she raises in this action concerning NHA's allegedly wrongful attempts to evict her. Potential defenses and counterclaims that may be raised by a tenant in a summary process proceeding include unlawful apartment conditions, breach of the implied warranty of habitability, interference with the quiet enjoyment of the residential premises, retaliation, and discrimination.  <u>See</u> <u>Adjartey v. Central Div. of Hous. Ct. Dep't</u>, 481 Mass 830, 853-54 (2019). Eviction proceedings implicate important state interests that are traditionally handled by state law.  <u>See, e.g.</u>, <u>Wilson v. Mennonite Hous.</u>, C.A. No. 22-01155, 2022 WL 3345003, at *1 & n.7

(D. Kan. Aug. 12, 2022); <u>Fipps v. Cove</u>, C.A. No. 21-02249, 2022 WL 479784 (N.D. Ohio Feb. 16, 2022); <u>Matava v. CTPPS, LLC</u>, C.A. No. 22-00242, 2022 WL 462396, at **3-4 (D. Conn. Feb. 15, 2022); <u>Harshbarger v. Neon Garden Valley MHP LLC</u>, C.A. No. 18-00425, 2019 WL 1992916, at *3 (D. Neb. May 6, 2019); <u>Shipley v. Qiao Hong Huang</u>, C.A. No. 19-00654, 2019 WL 1426308, at *2 (E.D. Penn. Mar. 28, 2019); <u>Espiriquetzal v. Quality Loan Serv. Corp. of Wash.</u>, C.A. No. 18-00157, 2018 WL 2988513, at *2 (D. Ore. Apr. 19, 2018); <u>Abreu v. Ochoa-Salazar</u>, C.A. No. 17-03109, 2017 WL 1900729, at *5 (D.N.J. May 8, 2017); <u>Fleming v. Sims</u>, C.A. No. 17-01827-GPG, 2017 WL 10591355, at *3 (D. Colo. Aug. 14, 2017); <u>Stiller v. Federal Hous. Fin. Auth.</u>, 2014 WL 12479978, at *1 (W.D. Mich. Oct. 8, 2014); <u>Setliff v. Fountain</u>, C.A. No. 14-02583, 2014 WL 4825623, at *3 (D.S.D. Sept. 24, 2014); <u>Seidel v. Wells Fargo Bank, N.A.</u>, C.A. No. 12-10766, 2012 WL 2571200, at *2 (D. Mass. July 3, 2012); <u>Newell v. Rolling Hills Apartments</u>, 134 F. Supp. 2d 1026, 1035-37 (D. Iowa 2001).

Thus, pursuant to the doctrine of <u>Younger</u> abstention, the Court will abstain from exercising jurisdiction as to any claims for injunctive relief and dismiss the same without prejudice.

However, the Court will not dismiss the case insofar as Kim seeks damages. Instead, the Court will stay the case pending the adjudication of the summary process proceeding (including the pending appeal). <u>See</u> <u>Rossi v. Gemma</u>, 489 F.3d 26, 38 (1st Cir. 2007). The parties shall provide the Court with a status report of the state court action at least every three months. Once the state court action has ended, the Court will consider whether claims for damages may go forward. The Court will determine whether the doctrine of <u>res judicata</u> should be applied, and, if so, whether it would work to preclude any claim for damages.

**III.     Conclusion**

Accordingly, the Court hereby orders:

1.      The motion to dismiss (Doc. No. 23) is <u>GRANTED</u> in part and <u>DENIED</u> in part. The motion is <u>GRANTED</u> insofar as Kim seeks injunctive relief.  All claims for injunctive relief are DISMISSED without prejudice.  The motion to dismiss is <u>DENIED</u> insofar as Kim asserts claims for damages.

2.      Insofar as Kim asserts claims for damages, this action is <u>STAYED</u> pending resolution of the state court action.

3.      The parties shall provide the Court with a status report of the state court summary process action at least every three months.

SO ORDERED.

  /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE